IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| GUY RICHMOND, #191-593,<br>   Plaintiff | :<br>:<br>: |
| v. | : CIVIL ACTION NO. WMN-05-1267<br>: |
| WARDEN MCTC<br>STATE OF MARYLAND<br>OLD JAIL WARDEN *et al.*<br>WASHINGTON COUNTY HOSPITAL<br>   Defendants | :<br>:<br>:<br>:<br>: |

**MEMORANDUM**

On May 9, 2005, Plaintiff, then and presently incarcerated at the Maryland Correctional Training Center ("MCTC"), filed a civil rights action pursuant to 42 U.S.C. § 1983, alleging that he was suffering pneumonia and seeking money damages and injunctive relief mandating that he be provided better prison housing and care.[1] (Paper No. 1). Given the allegation that Plaintiff was suffering from pneumonia at the time he filed the complaint, the Court required an immediate response from the Maryland Attorney General regarding Plaintiff's medical condition. (Paper No. 3). The required response, which shall later be construed as a motion for summary judgment, has been filed. (Paper No. 4). Plaintiff has moved for appointment of counsel[2] and for an extension of time in which to address the dispositive motion. (Paper Nos. 5 and 6). No hearing is needed to resolve the injunctive relief request and Plaintiff's pending motions. *See* Local Rule 105.6 (D. Md. 2004).

---

[1] At the time he filed the complaint, Plaintiff requested leave to proceed in forma pauperis and provided information indicating he has very limited money in his prison account. Paper No. 2. Accordingly, Plaintiff shall be granted indigency status and a partial filing fee will not be assessed.

[2] Plaintiff, a well-known, prolific litigator in this Court, claims to be ill and thus unable to respond to counsel's pleading. It appears, however, that he is able to file motions, despite his claim of ill health. The Court finds no exceptional circumstances for appointing counsel at this time, and thus will deny Plaintiff's request at this time. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984).

Plaintiff claims that during February of 2005, his breathing problems were ignored by MCTC medical personnel, resulting in a near-fatal bout of pneumonia. He provides a litany of mistreatment at the hands of unidentified medical and corrections personnel, and claims that he was shuttled between his cold, windowless cell, the MCTC infirmary, a hospital at the "old jail," and the Washington County Hospital for a period of approximately one and a half months. He further alleges that he was not given the proper dosage of at least one medication, and as a result did not recover quickly.

The medical records provided by counsel show otherwise. Plaintiff, who suffers from sarcoidosis affecting the respiratory system, complained on January 16, 2005, that he was suffering sharp pains in the side, experiencing choking, and was without appetite. He was immediately seen by prison medical personnel and admitted to the prison infirmary. (Paper No. 4, Exhibit 1 at 3-4). He was discharged the next day after stating that he felt "a little better, but not good." (*Id*., Exhibit 1 at 5-6). His condition deteriorated, and he was admitted to Washington County Hospital on January 19, 2005, where he was diagnosed with pneumonia and started on antibiotics. (*Id*., Exhibit 1 at 7-8). One day later he was discharged to the prison infirmary, where he remained until January 28, 2005. (*Id*., Exhibit 1 at 15-20).

Plaintiff did not complain about pneumonia after discharge from the infirmary. On February 21, 2005, he complained of symptoms related to sarcoidosis and a steroid medication was prescribed. He last registered a complaint with the medical department on March 8, 2005, two months before filing the instant complaint for injunctive relief. He is assessed every three months in a chronic care clinic. (*Id*., Exhibit 1 at 1).

A request for injunctive relief may only be granted if the movant can demonstrate: (i) the

-2-

likelihood he will be irreparably harmed if emergency relief is denied; (ii) the likelihood that defendant will

not be harmed if the requested relief is granted; (iii) the likelihood that he will succeed on the merits; and (iv) the public interest will be served if the injunction is granted. *Blackwelder Furniture Co. v. Seilig Manufacturing Co.*, 550 F.2d 189, 195-96 (4th Cir. 1977). It is clear that Plaintiff has received medical treatment for the bout of pneumonia contracted in January, 2005, and that his underlying respiratory ailment is monitored and treated by prison medical staff. Injunctive relief accordingly shall be denied in a separate Order, and Plaintiff will be granted additional time in which to file an opposition to the pending dispositive motion.

|  |  |
|---|---|
| 8/5/05 | /S/ |
| (Date) | William M. Nickerson<br>Senior United States District Judge |