IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GUY RICHMOND, #191-593,          :
         Plaintiff          :
                             :
    v.                           :  CIVIL ACTION NO. WMN-05-1267
                             :
WARDEN MCTC, *et al.*,          :

**MEMORANDUM**

On May 9, 2005, Plaintiff, then and presently incarcerated at the Maryland Correctional Training Center ("MCTC"), filed a civil rights action pursuant to 42 U.S.C. § 1983, alleging that he was suffering from pneumonia and seeking money damages and injunctive relief mandating that he be provided better prison housing and medical care. He also complained that the condition of various cells in which he was housed led to or exacerbated his illnesses. (Paper No. 1). Given the allegation that Plaintiff was suffering from pneumonia at the time he filed the complaint, the Court required an immediate response from the Maryland Attorney General regarding Plaintiff's medical condition. (Paper No. 3). Injunctive relief has been denied based on the Warden's response. (Paper Nos. 4, 8 and 9). Although the Warden's response has been treated as a dispositive motion, the undersigned, in response to Plaintiff's opposition, will deny summary judgment to the Warden and require further briefing by the parties, as set forth herein.

**Standard of Review**

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party,"

then summary judgment is inappropriate. *See Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979)*; Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950). The moving party bears the burden of showing that there is no genuine issue of material fact. *See* Fed. R. Civ. P. 56(c); *Pulliam*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

When ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party. *See Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 437 (4th Cir. 1998). A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. *See Anderson*, 477 U.S. at 256.

In *Celotex*, the Supreme Court stated:

> In cases like the instant one, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file." Such a motion, whether or not accompanied by affidavits, will be "made and supported as provided in this rule," and Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial."

*Celotex*, 477 U.S. at 324. However, "'a mere scintilla of evidence is not enough to create a fact issue.'" *Barwick v. Celotex Corp.*, 736 F.2d 946, 958-59 (4th Cir. 1984) (quoting *Seago v. North*

*Carolina Theatres, Inc.*, 42 F.R.D. 627, 632 (E.D.N.C. 1966), *aff'd*, 388 F.2d 987 (4th Cir. 1967)). There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

**Analysis**

Plaintiff claims that during February of 2005, his breathing problems were ignored by MCTC medical personnel, resulting in a near-fatal bout of pneumonia. He provides a litany of mistreatment by unidentified medical and corrections personnel, and claims that he was shuttled between his cold, windowless cell, the MCTC infirmary, a hospital at the "old jail," and the Washington County Hospital for a period of approximately one and a half months. He further alleges that he was not given the proper dosage of at least one medication, and as a result did not recover quickly.

The medical records provided by counsel show otherwise. Plaintiff, who suffers from sarcoidosis affecting the respiratory system, complained on January 16, 2005, that he was suffering sharp pains in the side, experiencing choking, and was without appetite. He was immediately seen by prison medical personnel and admitted to the prison infirmary. (Paper No. 4, Exhibit 1 at 3-4). He was discharged the next day after stating that he felt "a little better, but not good." (*Id.*, Exhibit 1 at 5-6). His condition deteriorated, and he was admitted to Washington County Hospital on January 19, 2005, where he was diagnosed with pneumonia and started on antibiotics. (*Id.*, Exhibit 1 at 7-8). One day later, he was discharged to the prison infirmary, where he remained until January 28, 2005. (*Id.*, Exhibit 1 at 15-20). Plaintiff did not complain about pneumonia after discharge from

-3-

the infirmary; although, on February 21, 2005, he complained of symptoms related to sarcoidosis, and a steroid medication was prescribed. (*Id.*, Exhibit 1 at 1).

In his opposition motion, Plaintiff claims that his pneumonia has returned, partly due to a lack of medication, and partly due to poor conditions of confinement, including placement in cold, windowless cells during the winter[1] and placement in overheated cells throughout the summer. Defendant Warden must respond to these allegations and submit relevant housing logs and inspection reports, as well as medical records indicating the care and treatment provided to Plaintiff subsequent to the end of March, 2005.[2]

It appears that Plaintiff's dissatisfaction with Washington County Hospital centers around his belief that the hospital should have kept him longer before discharge. Plaintiff's claim against the hospital, which appears to be based on a theory of medical malpractice, must be dismissed without prejudice, because it can proceed only after the parties complete state review of such a claim before the Maryland Health Claims Arbitration Board. *See generally* Md. Code Ann., Cts & Jud. Proc., §3-2A-01 *et seq.*

A separate Order shall be entered in accordance with this Memorandum.

/s/

8/30/05  
(Date)

_____  
William M. Nickerson  
Senior United States District Judge

---

[1] Plaintiff first complained of placement in cold cells with broken windows in his initial complaint. Defendant Warden failed to address this allegation in his response.

[2] Counsel for Defendant is requested to advise the court whether an "Old Jail Warden" actually exists, and if so, whether counsel represents that party.