IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| GUY RICHMOND, #191-593,       : | |
|         Plaintiff         : | |
|                          : | |
|     v.                : | CIVIL ACTION NO. WMN-05-1267 |
|                          : | |
| WARDEN MCTC , *et al.*,    : | |
|         Defendants | |

**MEMORANDUM**

On May 9, 2005, Plaintiff, then and presently incarcerated at the Maryland Correctional Training Center ("MCTC"), filed a civil rights action pursuant to 42 U.S.C. § 1983, alleging that he was suffering from pneumonia and seeking money damages and injunctive relief mandating that he be provided better prison housing and medical care. He also complained that the condition of various cells in which he was housed led to or exacerbated his illnesses. (Paper No. 1). Given the allegation that Plaintiff was suffering from pneumonia at the time he filed the complaint, the Court required an immediate response from the Maryland Attorney General regarding Plaintiff's medical condition. (Paper No. 3). Injunctive relief was denied based on the Warden's response (Paper Nos. 4, 8 and 9), but the Warden was required to submit further briefing and exhibits in response to allegations concerning Plaintiff's care and housing conditions subsequent to the end of March, 2005[1]. (Paper Nos. 12 and 13). The submission (Paper No. 14) has been construed as a motion for summary judgment, which is opposed by Plaintiff. (Paper No. 16). No hearing is needed to resolve

---

[1] Defendant Washington County Hospital was dismissed from this action. Paper Nos. 12 and 13. Plaintiff also names the State of Maryland and the "Old Jail Warden" as party defendants. The "Old Jail Warden" would not be liable for any denial of medical care or poor conditions of confinement occurring subsequent to March, 2005. This person therefore is entitled to dismissal. The State of Maryland is not a proper defendant in a civil rights action. The Eleventh Amendment to the United States Constitution is a bar to suits against a State for damages in federal court, unless Congress has exercised its power under Article 5 of the Fourteenth Amendment to override this immunity or the State has waived it. *See Will v. Michigan Dep't Of State Police,* 491 U.S. 58, 66 (1989). With regard to claims under 42 U.S.C. § 1983, neither method of overcoming the immunity has occurred. This jurisdictional bar applies regardless of the nature of the relief sought." *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984). Thus, the State of Maryland also is entitled to dismissal.

the remaining issues in this case. *See* Local Rule 105.6 (D. Md. 2004).

**Standard of Review**

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *See Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950). The moving party bears the burden of showing that there is no genuine issue of material fact. *See* Fed. R. Civ. P. 56(c); *Pulliam*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

When ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party. *See Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 437 (4th Cir. 1998). A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. *See Anderson*, 477 U.S. at 256.

In *Celotex*, the Supreme Court stated:

> In cases like the instant one, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file." Such a motion, whether or not accompanied by affidavits, will be "made and supported as provided in this rule," and Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial."

*Celotex*, 477 U.S. at 324. However, "'a mere scintilla of evidence is not enough to create a fact issue.'" *Barwick v. Celotex Corp.*, 736 F.2d 946, 958-59 (4th Cir. 1984) (quoting *Seago v. North Carolina Theatres, Inc.*, 42 F.R.D. 627, 632 (E.D.N.C. 1966), *aff'd*, 388 F.2d 987 (4th Cir. 1967)). There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

**Analysis**

At issue is whether Plaintiff's pneumonia has returned since March, 2005, and if so, whether the illness was ignored by medical personnel and caused or exacerbated by poor conditions existing in Plaintiff's cell.[2] Uncontested medical records show that Plaintiff: received a follow-up examination by a physician on February 3, 2005 to examine his status after recovering from pneumonia; was seen in the chronic care clinic[3] on March 8, 2005 and June 7, 2005; and received an additional follow-up examination on July 14, 2005. He received additional care and treatment

---

[2] For the purpose of motions review the undersigned accepts as true Plaintiff's claim that he attempted to obtain ARP forms to file administrative complains concerning the allegations at issue here.

[3] Plaintiff suffers from sarcoidosis and accordingly is provided regularly scheduled check-ups and an assortment of medication to improve his pulmonary function.

for injuries received in a fight with a cell mate.[4]  There is no indication that Plaintiff suffered a second bout of pneumonia, nor any demonstrative evidence suggesting that his health problems have been caused or exacerbated by placement in a cold, windowless cell during the winter and spring of 2005.  Furthermore, Plaintiff's periodic complaints concerning medical problems were not ignored by medical staff.[5]  Indeed, when seen in the chronic care clinic and when provided other routine check-ups by medical personnel, Plaintiff neither complained about the impact of the cold on his health nor complained that nurses making the daily rounds on the segregation tier ignored his requests for treatment.[6]  The Warden, who appears to have played no role in any of the allegations raised by Plaintiff, is therefore entitled to summary judgment in this case.

A separate Order shall be entered in accordance with this Memorandum.

  January 31, 2006                                                         _____/s/_____
(Date)                                                             William M. Nickerson
                                                                            Senior United States District Judge

---

[4] Defendants submit an undated medical report indicating that Plaintiff is to be housed in a single cell.  To the extent that Plaintiff now contends that injuries sustained in a fight with a cell mate would not have occurred had he been housed alone, he may raise such a claim in a separate lawsuit.  The undersigned notes, however, that disciplinary records submitted in this case show that Plaintiff was sanctioned for his role in the incident.

[5] Defendant does not dispute that glass panes were missing from various portions of the windows of plaintiff's cell, and in fact demonstrates that metal plates were used to cover the missing glass.  While it is possible to conclude that metal replacement covers did not provide the best insulation in the windows, the evidence does not show that Plaintiff suffered actual physical injury caused by chilly conditions in his cell.  Furthermore, the daily temperature variations provided by Defendant establish that outdoor temperatures were typical for this region and that the region did not undergo extended periods of unusually cold weather during the time in question.

[6] Plaintiff's eleventh-hour claims concerning DOC policy requiring prisoners to buy state-issued clothing and allegations concerning the role of racism in prison job assignment (Paper No. 16) are not at issue here.